# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KRISTOPHER MELETTI,

Appellant,

v.

DEPARTMENT OF HOMELAND
SECURITY,

Agency.

DOCKET NUMBER
DA-0752-14-0001-I-2

DATE: March 18, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Denis P. McAllister, Esquire, Glen Cove, New York, for the appellant.

Nara Dasilva, Esquire, Edinburg, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant for inability to perform the essential duties of his position as a Border Patrol Agent. Initial Appeal File (IAF), Tab 8 at 28, 68. The specifications for his removal were his inability to carry a government-issued weapon and his inability to use proper judgment and make quick decisions in law enforcement situations. *Id*. Prior to proposing to remove the appellant, the agency offered to find him an alternate position, but the appellant did not take advantage of the offer. Refiled Appeal File (RAF), Tab 6, Initial Decision (ID) at 15-16.

¶3 The appellant filed an appeal of his removal, and he raised affirmative defenses alleging national origin discrimination, retaliation for prior equal employment opportunity (EEO) activity, harmful procedural error and violation of his due process. IAF, Tabs 1, 15. The administrative judge advised him of the applicable burdens of proving his affirmative defenses, as well as the kind of evidence he was required to produce to meet his burden of proof. IAF, Tab 15. Thereafter, the appellant filed a pleading explicitly waiving all of his affirmative defenses. IAF, Tab 20. The administrative judge dismissed the appeal without prejudice to refiling at the request of the appellant's representative, and the appellant subsequently refiled his appeal. IAF, Tab 44; RAF, Tab 1.

¶4		After holding the requested hearing, the administrative judge issued an initial decision thoroughly analyzing the probative value of the witnesses' testimony and the parties' submissions, including the reports of the board-certified psychiatrist who conducted the appellant's fitness-for-duty examination and another reviewing forensic psychiatrist. ID at 2-16; *see* IAF, Tab 8 at 158-71. The administrative judge affirmed the appellant's removal, finding that the agency proved the charge by preponderant evidence and that his removal promoted the efficiency of the service. ID at 15-16. The appellant filed a petition for review, and the agency responded in opposition to his petition. Petition for Review (PFR) File, Tabs 1, 4.

¶5		On review, the appellant reasserts the affirmative defenses that he raised below, which he admittedly withdrew before the hearing on his appeal. PFR File, Tab 1 at 3-8; RAF, Tab 6 at 8; IAF, Tab 20. Because the appellant withdrew his affirmative defenses, and he did not object to the administrative judge's order identifying the issues in dispute or submit a motion to supplement the summary of issues in dispute on appeal below, we find that he waived the right to raise these issues on review. IAF, Tab 43 at 1 & n.1.

¶6		On review, the appellant also disputes the administrative judge's finding that the agency proved the charge of inability to perform the essential duties of his Border Patrol Agent position. PFR File, Tab 1 at 4. He argues that the administrative judge uncritically accepted the biased hearing testimony of people who witnessed the appellant's behavior, "which gave rise to the Agency's 'concerns'" about his fitness for duty and the timing of the referral for his fitness-for-duty evaluation. *Id.*

¶7		Although the appellant disagrees with the administrative judge's credibility findings and determinations, he has shown no error by the administrative judge in this regard. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; and the Board

may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find that the administrative judge here considered the record as a whole in determining that the testimony provided by the agency's witnesses was consistent with the events detailed in the memoranda relied upon by the examining psychiatrist and in finding that the appellant's version of the events in question were not confirmed by anyone else. ID at 13-18. In the initial decision, the administrative judge provided a detailed summary of the witnesses' testimony and explained the basis for his credibility determinations and we discern no reason to disturb those well-reasoned findings. ID at 2-15; *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (stating that there is no reason to disturb the initial decision where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶8        On review, the appellant also challenges "the conclusions and opinions" contained in the fitness-for-duty report prepared by the examining psychiatrist. PFR File, Tab 1 at 4, 7-9. In assessing the probative weight of medical opinion, the Board considers whether the opinion was based on a medical examination, whether the opinion provided a reasoned explanation for its findings as distinct from mere conclusory assertions, the qualifications of the expert rendering the opinion, and the extent and duration of the expert's familiarity with the treatment of the appellant. *Slater v. Department of Homeland Security*, 108 M.S.P.R. 419, ¶ 16 (2008).

¶9        Here, the psychiatrist's opinion was based on more than just the allegedly inaccurate statements provided by the agency. He also based his opinion on his interview with the appellant; the results of a supervised Minnesota Multiphasic Personality Inventory–2; the results of the Beck Depression Inventory and Beck Anxiety Inventory; a Comprehensive Health Services physical examination; memoranda from several Border Patrol Agents detailing the situations that

prompted the appellant's fitness-for-duty evaluation; and the appellant's job description. IAF, Tab 8 at 158. A forensic psychiatrist also evaluated the appellant's records and agreed with the psychiatrist's opinion that the appellant was not fit for duty and that his prognosis was guarded. *Id*. at 171. On review, the appellant has not submitted any medical evidence contradicting the opinions of these two doctors.

¶10 An agency may remove an employee if he is unable, because of a medical condition, to perform the duties of his position. *Bullock v. Department of the Air Force*, 88 M.S.P.R. 531, 534, ¶ 7 (2001). The administrative judge carefully considered the medical evidence in finding that the agency proved that the appellant was unable to perform the essential functions of his position and that the removal penalty was reasonable and promoted the efficiency of the service under the circumstances. ID at 9-10, 14-16. The appellant's arguments on review present no reason to disturb the administrative judge's findings concerning the probative weight of the medical evidence or his decision to sustain the agency's charge and affirm his removal. We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.